UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RONALD BARKMEYER, JR. | : | |
| | : | |
| v. | : | C.A. No. 09-430S |
| | : | |
| ASHBEL T. WALL | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is the State of Rhode Island's (the "State") Motion to Dismiss the Habeas Corpus Petition filed by Ronald Barkmeyer, Jr. ("Petitioner") pursuant to 28 U.S.C. § 2254. (Document No. 5). The State seeks dismissal of the Petition asserting Petitioner has failed to exhaust his state court remedies for four of six claims raised in the Petition. This matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the Petition, the memoranda submitted by the parties and performing independent research, I recommend that the Motion to Dismiss be GRANTED and that the Petition be DISMISSED WITHOUT PREJUDICE as unexhausted.

**Facts and Travel**

On August 19, 2005, a Newport County grand jury indicted Petitioner on one count of first degree child molestation. (Document No. 5 at p. 3). On September 16, 2005, a Superior Court jury found Petitioner guilty of first degree child molestation. Id. On February 6, 2006, Petitioner was sentenced to serve thirty years of a fifty-year sentence, with twenty years suspended with probation. Id. Following his sentencing, Petitioner sought appellate relief, however, the Rhode Island Supreme

Court affirmed Petitioner's conviction on June 20, 2008. See State v. Barkmeyer, 949 A.2d 984 (R.I. 2008). Petitioner filed an application for post-conviction relief on December 15, 2008, pursuant to R.I. Gen. Laws §10-9.1-1.

Petitioner then filed the present habeas corpus action on September 15, 2009, claiming six grounds for relief: (1) violation of Petitioner's right to a public trial;[1] (2) denial of Defendant's Motion to Suppress Evidence; (3) ineffectiveness of trial counsel; (4) prosecutorial misconduct; (5) juror misconduct; and (6) judicial misconduct. (See Document No. 1). On September 18, 2009, District Judge William E. Smith ordered the State to submit a response to the Petition, and the State did so in the form of a Motion to Dismiss and supporting Memorandum on October 16, 2009. In its Motion, the State claims that Petitioner has failed to exhaust his remedies at the state level for the latter four of Petitioner's six claims.[2] Petitioner filed an objection to the State's Motion on October 26, 2009. (Document No. 7).

**Discussion**

With the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress restricted the power of federal courts to grant habeas relief to prisoners. See 28 U.S.C. § 2254. As a prerequisite to filing a habeas claim in federal court, a state court prisoner must have exhausted all available state court remedies with respect to each claim raised in the federal petition. See 28 U.S.C. § 2254(b)(1)(A) ("an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant

---

[1] Petitioner filed a Petition for Writ of Certiorari in the United States Supreme Court with respect to this issue, however the Court denied the writ on December 8, 2008.

[2] The State represents that Petitioner's claims concerning his right to a public trial and the denial of a motion to suppress evidence are exhausted. Petitioner does not dispute the State's representation. Thus, there is no need for this Court to reach the issue as to whether or not those particular claims are exhausted.

has exhausted the remedies available in the Courts of the State....”). The “exhaustion prerequisite” for filing a federal habeas corpus claim was created, “[i]n recognition of the state courts’ important role in protecting constitutional rights...” and “holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application.” Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997). “Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state’s highest tribunal.” Id. at 263. The exhaustion prerequisite contained in 28 U.S.C. § 2254 “is rooted in principles of comity which counsel that state courts be afforded an opportunity to deal with alleged constitutional violations arising from their proceedings before federal jurisdiction may be invoked.” Barber v. Moran, 753 F. Supp. 421, 422 (D.R.I. 1991).

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court may issue a “stay and abeyance” order which would allow a petitioner to present his unexhausted claims to the state court and then to return to federal court for review of his perfected habeas petition. Id. at 270. However, such an order is to be made at the discretion of the particular district court and should be “available only in limited circumstances.” Id. at 277. The Rhines Court made clear that use of the stay-and-abeyance procedure by the district courts is necessarily circumscribed. “Because granting a stay effectively excuses a petitioner’s failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner’s failure to exhaust his claims first in state court.” Id. When there is not “good cause,” the Court may allow the petitioner to dismiss the unexhausted claims from the “mixed”

petition, if the petitioner seeks to do so. See Nowaczyk v. Warden, 299 F.3d 69, 75-76 (1st Cir. 2002).

In this case, the State argues that the Court should dismiss the pending Petition because the Petitioner has not exhausted his state remedies. Petitioner does not directly dispute that his claims are unexhausted. In fact, he acknowledges that he filed a post-conviction relief application in Newport County Superior Court regarding each of these four claims and does not contradict the State's showing that such application has not yet been decided by the State Courts. (Document No. 1 at p. 4). However, Petitioner has presented two exhausted grounds in his Petition, thereby presenting a "mixed" petition (containing both exhausted and unexhausted claims).

Petitioner states that he filed the instant Petition because he "could not get a straight answer as to when the one year statute of limitations would run out pursuant to filing a petition under 28 U.S.C. § 2254." (Document No. 7 at p. 3). However, this confusion does not constitute good cause for failing to exhaust each of Petitioner's state remedies. Petitioner has not set forth any justification, much less "good cause" for his failure to exhaust his state court remedies as required by AEDPA. Moreover, his post-conviction relief application was filed on December 15, 2008 in Rhode Island Superior Court. Barkmeyer v. State of Rhode Island, NM-2008-0703 (Document No. 5-1 in this case). As long as a prisoner's post-conviction relief application is pending in state court, the one year statute of limitations is tolled pursuant to 28 U.S.C. § 2244(d)(2). See Kholi v. Wall, 582 F.3d 147, 151-152 (1st Cir. 2009).

Petitioner has filed a mixed petition and has failed to provide justification for his failure to exhaust all of his State Court remedies before seeking federal review. Accordingly, I do not find that there is good cause to issue a stay and abeyance order on this "mixed" Petition.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 5) be GRANTED, and that the Petition be DISMISSED WITHOUT PREJUDICE as unexhausted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 23, 2010