```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - -
RONALD BARKMEYER, JR.,           )
        Petitioner,              )
                                 )
    v.                           )    C.A. No. 09-430-S
                                 )
A. T. WALL, Director,            )
Rhode Island Department of       )
Corrections,                     )
        Respondent.              )
- - - - - - - - - - - - - - - - -
```

**ORDER ADOPTING REPORT AND RECOMMENDATION**

William E. Smith, United States District Judge.

Before this Court are Ronald Barkmeyer, Jr.'s Objections to the Report and Recommendation (Doc. #13) filed by Magistrate Judge Lincoln Almond on March 23, 2010, in the above matter. The Report and Recommendation recommends that the Respondent's[1] Motion to Dismiss Barkmeyer's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus be granted and that the Petition be dismissed. For the reasons set forth below, this Court finds the Petitioner's Objections to be without merit and adopts the Report and Recommendation.

I.  Facts and Travel

The underlying facts and travel of this case are set forth in the Report and Recommendation and need not be restated here. Briefly, Barkmeyer was convicted in September 2005 of one count of

---

[1] The Respondent, A.T. Wall, Director of the Rhode Island Department of Corrections, is represented by the Rhode Island Office of Attorney General. As in the Report and Recommendation, Respondent will be herein referred to as the "State."

first-degree child molestation, in violation of R.I. Gen. Laws §§ 11-37-8.1 and 11-37-8.2.  His conviction was affirmed on appeal and further review was denied by the U.S. Supreme Court on December 8, 2008.  See State v. Barkmeyer, 949 A.2d 984 (R.I. 2008), cert. denied, Barkmeyer v. Rhode Island, 129 S. Ct. 740 (2008).

On December 15, 2008 Barkmeyer filed an application for post-conviction relief in Providence Superior Court, pursuant to R.I. Gen. Laws § 10-9.1-1, raising a number of issues.  As of this date, that petition remains pending.

In September 2009, Barkmeyer filed the instant habeas corpus petition (Doc. #1) in this Court, claiming six grounds for relief: (1) violation of his right to a public trial; (2) denial of his motion to suppress evidence; (3) ineffectiveness of trial counsel; (4) prosecutorial misconduct; (5) juror misconduct; and (6) judicial misconduct.  The State filed a Motion to Dismiss the Petition, contending that Barkmeyer has failed to exhaust his state court remedies as to four of his six claims.  This Court referred the motion and Barkmeyer's response thereto to Magistrate Judge Almond for report and recommendation.

Magistrate Judge Almond issued his Report and Recommendation on March 23, 2010.  The Report and Recommendation noted that Barkmeyer had acknowledged that he had failed to exhaust claims (3) through (6) and that his application for post-conviction relief concerning those claims remained pending in state court.  See

Report and Recommendation at 4.  The Report and Recommendation further found that Barkmeyer had not shown good cause for a "stay and abeyance" order[2] and recommended that the petition be dismissed without prejudice.  Id. at 4-5.  Barkmeyer filed Objections to the Report and Recommendation, and this matter is ready for decision.

II. Discussion

In his Objections, Barkmeyer does not contest that four out of his six habeas claims are unexhausted, nor does he dispute the pendency of his state court post-conviction relief proceeding (PCR) concerning those claims.  Rather, Barkmeyer challenges Magistrate Judge Almond's recommendation that his entire claim be dismissed without prejudice and requests that this Court "consider the [N]inth [C]ircuit's example [in handling] a mixed petition" and stay his habeas petition pending resolution in state court of his unexhausted claims.[3]  (Objections at 7-8.)  He also contends (somewhat inconsistently) that because he is unlikely to obtain

---

[2] Under a "stay and abeyance" order, a federal district court stays proceedings on a habeas petition that contains unexhausted claims in order to permit the petitioner "to return to state court to complete the requirements for exhaustion on any unexhausted claims," after which "he could . . . return to federal court to pursue his habeas claims." Clements v. Maloney, 485 F.3d 158, 169 (1st Cir. 2007).

[3] It appears that Barkmeyer is referring to the procedure set forth in Calderon v. U.S. Dist. Court for N.D. of Cal., 134 F.3d 981, 988 (9th Cir. 1998), which he cites earlier in his Objections. (See Objections at 2-3.)  However, stay and abeyance procedure in § 2254 cases is now governed by the later U.S. Supreme Court decision in Rhines v. Weber, 544 U.S. 269 (2005), discussed infra.

3

relief in his pending state post-conviction proceeding, staying his claims pending the resolution of that proceeding would be futile. (Id. at 5-6.)

This Court finds that Barkmeyer's objections are without merit for the following reasons.  In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that in certain circumstances a district court may stay a § 2254 habeas petition containing both exhausted and unexhausted claims in order to permit a petitioner to present his unexhausted claims to the state court, after which he could return to federal court to prosecute his petition.  Id. at 275-78.  Such a procedure would be appropriate where: (1) "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the "unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Id. at 277, 278.[4]  In cases where these criteria are not satisfied, "the [district] court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal

---

[4] The Court noted that "[i]f a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it . . . after the limitations period has expired, this will likely mean the termination of any federal review." Rhines, 544 U.S. at 275.

relief." Id. at 278. See also Clements v. Maloney, 485 F.3d 158, 169 (1st Cir. 2007) (discussing above principles).

However, the instant case differs from Rhines in one critical aspect, thereby rendering stay and abeyance unnecessary here -- namely, that the limitations period in which Barkmeyer may file his habeas claims has not yet expired. As noted above, Barkmeyer's petition for writ of certiorari was denied by the Supreme Court on December 8, 2008. He filed his application for post-conviction relief one week later, on December 15, 2008, in Providence Superior Court where it remains pending, thereby tolling the applicable one-year limitations period. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Thus, Barkmeyer will suffer no prejudice by having the instant § 2254 petition dismissed without prejudice to his refiling it upon exhaustion of all claims.[5]

---

[5] While the First Circuit does not appear to have addressed the issue, other courts have found that the tolling provision of § 2244(d)(2) applies to all claims, both exhausted and unexhausted, raised in a habeas petition. See Parker v. Johnson, 988 F. Supp. 1474, 1476 (N.D. Ga. 1998). See also Carigon v. Berghuis, Civil No. 00-7556, 2006 WL 1555970 at *3 (E.D. Mich. June 2, 2006) ("[A] federal district court does not abuse its discretion in dismissing a federal habeas petition without prejudice, rather than holding it in abeyance, while the petitioner's properly filed application for state post-conviction review is pending.") (citing Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998)); Parisi v. Cooper, 961

5

Contrary to Barkmeyer's further argument, the completion of the pending application for postconviction relief in state court would not be a futile exercise. From the record, it appears that none of the four unexhausted claims presented in Barkmeyer's instant habeas petition were presented to the state Supreme Court on direct appeal. Moreover, dismissing the instant petition without prejudice comports with AEDPA's concerns of finality in post-conviction proceedings and comity between federal and state courts. See Kholi v. Wall, 582 F.3d 147, 154 (1st Cir. 2009). Accordingly, this Court denies Barkmeyer's Objections and adopts the Report and Recommendation recommending the dismissal of his habeas petition without prejudice to refiling it promptly upon completion of his state court application for post-conviction relief.[6] This disposition does not reflect any view of the merits of any of Barkmeyer's habeas claims.

---

F. Supp. 1247, 1249 (N.D. Ill. 1997).

[6] In view of this disposition, it is unnecessary to address the issue of whether Barkmeyer can satisfy the prerequisites for the stay and abeyance procedure. See Clements, 485 F.3d at 169 (discussing prerequisites). This Court nonetheless notes that to date, Barkmeyer has been diligent in pursuing his available state post-conviction remedies.
  In addition, because only one week of the applicable one-year limitations period for filing a § 2254 petition has run, it is unnecessary to permit Barkmeyer to choose to voluntarily dismiss his unexhausted claims and proceed on his exhausted claims only, as dismissal without prejudice of the entire petition will not "unreasonably impair [Barkmeyer's] right to obtain federal relief." Rhines, 544 U.S. at 278.

III. Conclusion

In view of the foregoing considerations, this Court hereby ACCEPTS and ADOPTS in full the findings and recommendations contained in the Report and Recommendation.  Accordingly,

(1)   the State's motion to dismiss is hereby GRANTED; and

(2)   Barkmeyer's petition for writ of habeas corpus is hereby DISMISSED without prejudice.


RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings in the United States District Courts (2254 Rules), this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA) because Barkmeyer has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Barkmeyer is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2254 Rule 11(a).

IT IS SO ORDERED:


*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: June 30, 2010