UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RONALD BARKMEYER, JR.         :
                              :
     v.                       :      C.A. No. 09-430S
                              :
ASHBEL T. WALL                :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me is Ronald Barkmeyer's Motion for Leave to Appeal In Forma Pauperis ("IFP"). (Document No. 22). Because I find that the appeal is groundless and thus not taken in good faith, I recommend that the District Court DENY Plaintiff's Motion.

Petitioner, proceeding pro se, filed this habeas action alleging various constitutional claims in connection with his state court conviction for first-degree child molestation. After reviewing the Petition, I recommended that the case be dismissed because Barkmeyer's state court post-conviction relief application remained pending, thus his claims were not exhausted as required prior to seeking relief under 28 U.S.C. § 2254. Judge Smith adopted my Report and Recommendation and declined to issue a Certificate of Appealability, noting that "Barkmeyer [ ] failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2)." (Document No. 16). Petitioner's case was thereafter terminated.

Petitioner's right to appeal *in forma pauperis* is governed by 28 U.S.C. § 1915 which provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the issues presented are frivolous. An

appeal is considered frivolous when it is based on an 'indisputably meritless legal theory or factual allegations that are clearly baseless.'" Lyons v. Wall, No. 04-380T, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (internal citations omitted).

In the present case, Petitioner's proposed appeal to the First Circuit Court of Appeals presents no cognizable legal theories or meritorious factual allegations. Petitioner acknowledges that four of his six claims are unexhausted. Because there was absolutely no legal basis for Petitioner to attempt to pursue unexhausted claims in violation of 28 U.S.C. § 2254(b)(1), his appeal is likewise frivolous. Accordingly, I recommend that the District Court find that the appeal is not taken in good faith and DENY Petitioner's Motion to Appeal IFP. (Document No. 22).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 22, 2010